IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| NICHOLAS JOHN TONTI, JR., | : | BANKRUPTCY NO.: 5-07-bk-53326 |
| DEBTOR | : | |
| CHARLES J. DeHART, III, ESQUIRE<br>ECAST SETTLEMENT CORPORATION, | : | {**Nature of Proceeding**: Objections to<br>Confirmation of Plan (Docs. 37, 38)} |
| OBJECTORS | : | |
| vs. | : | |
| NICHOLAS JOHN TONTI, JR., | : | |
| RESPONDENT | : | |

# **OPINION**

eCast and the Chapter 13 Trustee, Charles J. DeHart, III, have filed Objections to the Chapter 13 Plan of Nicholas John Tonti, Jr., Debtor. The basis of the Objections centers around 11 U.S.C. § 1325(b)(1)(B). The Objectors argue that all of the Debtor's "projected disposable income" is not being directed into the Plan.

The Objectors argue that the Debtor is improperly deducting for expenses on secured property that is being surrendered. A host of authority is cited by the Objectors for that proposition. This recalculation, the Objectors opine, will result in a positive disposable income of $797.33.

Called into play are the components of the term of art "disposable income" as set forth in Section 1325(b)(2) and (3) which states:

> (2) For purposes of this subsection, the term "disposable income" means current monthly income received by the debtor . . . less amounts reasonably necessary to be expended–
>     (A)(i) for the maintenance or support of the debtor or a

>    dependent of the debtor, . . .
>
>    (3) Amounts reasonably necessary to be expended under paragraph (2), other than subparagraph (A)(ii) of paragraph (2), shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2), if the debtor has current monthly income [over the median family income for the state].

11 U.S.C.A. § 1325(b)(2) and (3).

In *In re Bardo*, 379 B.R. 524 (Bkrtcy. M.D.Pa. 2007), I concluded that the terms "disposable income" and "projected disposable income" were to be based on historical figures. *Id.* at 528.

While that conclusion may appear to be dispositive, the Objectors argue that the focus in the case before me is not on income but, rather, on expenses. The Objectors simply do not believe that loan payments on surrendered property should be included in Section 707(b)(2)(B) as an expense item.

Perhaps this is an argument best directed to Congress.

Expenses are to be determined under Section 707(b)(2)(A) and (B). Section 707(b)(2)(A)(iii)(I) directs that the calculation of monthly payments on account of secured debts is to be calculated as: "the total of all amounts scheduled as contractually due to secured creditors in each month of the 60 months following the date of the petition." While the Objectors argue that this deduction should not include payments for secured items intended to be surrendered, the majority rule is otherwise. See *In re Burden*, 380 B.R. 194 (Bankr. W.D.Mo. 2007) and the cases cited therein at 200. While I have not found any circuit court authority on this point, two bankruptcy appellate panels have embraced the position that debtors were entitled to deduct payments that were contractually due on the petition date even though their intent was to surrender the

collateral. *In re Rudler,* 388 B.R. 433 (1st Cir. BAP(N.H.) 2008) and *In re Thomas*, 395 B.R. 914 (6th Cir.BAP 2008).

In *In re Mundy,* 363 B.R. 407 (Bkrtcy. M.D.Pa. 2007), Judge Mary D. France of this Court analyzed the statute and concluded that the language at issue spoke as of the petition date, notwithstanding the surrender of collateral post-filing. The well-discussed reasons addressed in that Opinion need not be repeated here. They control the disposition regardless of whether the Debtor be in Chapter 7 or Chapter 13. Rather than repeat that explanation, I will embrace that rationale as to why the current objections should be overruled.

The outcome of this controversy is also consistent with my holding in *In re Bardo, supra.,* as to the parameters of "projected disposable income."

My Order will follow.

Date: April 15, 2009

John J. Thomas, Bankruptcy Judge
(CMS)

*This opinion is electronically signed and filed on the same date.*